UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SCOTT KIMBLE,

        Plaintiff,

   v.                                          Case # 23-CV-6399-FPG-MJP
                                                    DECISION & ORDER

OPTEON APPRAISAL, INC.,

        Defendant.
_____

## INTRODUCTION

On September 20, 2024, Magistrate Judge Mark W. Pedersen filed a Decision and Order, ECF No. 37, in which he granted Plaintiff Scott Kimble's motion to transfer his Federal Labor Standards Act ("FLSA") case to the Northern District of Illinois and denied a cross-motion to strike filed by Defendant, Opteon Appraisal, Inc.[1] Defendant has filed its objections to the order, ECF No. 38, Plaintiff has responded, ECF No. 40, and Opteon has replied, ECF No. 42. For the reasons that follow, the order is AFFIRMED and Plaintiff's motion to transfer venue is GRANTED.

## LEGAL STANDARDS

A district court may reconsider a magistrate judge's resolution of a non-dispositive[2] pretrial matter "where it has been shown that the [] order is clearly erroneous or contrary to law." 28

---

[1] Judge Pedersen also denied as moot Plaintiff's motion to set a briefing schedule for a potential motion to compel. ECF Nos. 22, 37 at 33.

[2] As Judge Pedersen noted in the Decision and Order, there is some dispute within the Second Circuit as to whether venue transfers qualify as a "non-dispositive" matter. ECF No. 37 at 5-7; *see D'Amato v. ECHL, Inc.*, No. 13-CV-646, 2015 WL 2151825, at *2 (W.D.N.Y. May 7, 2015) ("This very Court has found in separate cases the motion to change venue was dispositive . . . and not dispositive." (internal citations omitted)). Judge Pedersen ultimately concluded that a venue transfer was non-dispositive, a conclusion that neither party disputes. ECF No. 37 at 6; ECF No. 38 at 6; ECF No. 40 at 11. A majority of courts within the Second Circuit agree. *See Fritz v. Realpage, Inc.*, No.

1

U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); *see also Ortiz v. Wagstaff*, No. 16-CV-321, 2019 WL 1236336, at *6 (W.D.N.Y. Mar. 18, 2019) (noting that courts review a magistrate judge's decision "on a non-dispositive matter for clear error only."). Under the "clearly erroneous" standard of review, a district court may reverse a magistrate judge's finding only if it is "left with the definite and firm conviction that a mistake has been committed." *Parker v. Donnelly*, No. 21-CV-130, 2022 WL 4181571, *2 (N.D.N.Y. Sept. 13, 2022) (internal quotation marks omitted). Under the "contrary to law" standard, a district court may reverse a finding only if it finds that the magistrate judge "fail[ed] to apply or misapplie[d] relevant statutes, case law or rules of procedure." *Garcia v. Benjamin Grp. Enter. Inc.*, 800 F. Supp. 2d 399, 403 (E.D.N.Y. 2011). "This standard of review is highly deferential, and magistrate judges are afforded broad discretion in resolving non-dispositive disputes; reversal is appropriate only if their discretion is abused." *Brock v. Logsdon*, No. 19-CV-6082, 2022 WL 17488612, at *3 (W.D.N.Y. Dec. 7, 2022) (quoting *Rouviere v. DePuy Orthopedics, Inc.*, 560 F. Supp. 3d 774, 783-84 (S.D.N.Y. 2021)).

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The purposes of Section 1404(a) are to "prevent waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *O'Brien & Gere, Inc. of N. Am. v. Barton Rands, Ltd.*, 497 F. Supp. 2d 507, 510 (W.D.N.Y. 2007) (internal quotation marks omitted). Under Section 1404(a), "[c]ourts first determine whether the action could have

---

20-CV-7055, 2021 WL 3700434, at *1 (W.D.N.Y. Aug. 20, 2021) ("Most recent district court opinions in the Second Circuit conclude that motions for a change of venue are non-dispositive and therefore within the pretrial reference authority of magistrate judges." (internal quotation marks omitted)). In light of this, and given the lack of objection from either party, the Court agrees that a motion to transfer venue is non-dispositive and will review the Decision and Order accordingly.

been brought in the prospective transferee district, and then consider whether transfer would be appropriate." *Placek v. Shopoff*, No. 18-CV-4326, 2018 WL 4572253, at *3 (S.D.N.Y. Sept. 24, 2018). "Courts enjoy considerable discretion in deciding whether to transfer a case in the interest of justice." *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 435 (2d Cir. 2005); *see also Everlast World's Boxing Headquarters Corp. v. Ringside, Inc.*, 928 F. Supp. 2d 735, 742 (S.D.N.Y. 2013) ("[D]istrict courts [have] wide latitude to decide whether to transfer venue."). In determining whether a requested transfer is appropriate, courts are guided by, but not limited to, several factors:

> (1) plaintiff's choice of forum, (2) convenience of the witnesses, (3) location of evidence, (4) convenience of the parties, (5) locus of the operative facts, (6) ability to compel the attendance of witnesses, (7) relative means of the parties, and (8) trial efficiency and the interests of justice.

*irth Sols., LLC v. Apex Data Sols. & Servs.*, LLC, No. 18-CV-6884, 2019 WL 283831, at *5 (W.D.N.Y. Jan. 22, 2019). Ultimately, "[t]he moving party . . . bears the burden of showing that transfer is warranted in light of these factors." *EasyWeb Innovations, LLC v. Facebook, Inc.*, 888 F. Supp. 2d 342, 348 (E.D.N.Y. 2012).

## DISCUSSION

The Court assumes the parties' familiarity with the factual background of the case. To the extent that a more detailed recounting is needed, the parties are directed to Magistrate Judge Pedersen's summary of the facts in the Decision and Order. The Court will elaborate below as needed.[3]

---

[3] The Court limits its analysis to the portions of Judge Pedersen's decision to which Defendant objects. Because Defendant does not dispute Judge Pedersen's conclusion that Plaintiff did not need to show a change of circumstances to warrant transfer or that the location of documents favored transfer, the Court declines to address these points.

I.       Reliance on the Employment Agreement

Defendant objects to Judge Pedersen's reliance on an Opteon employment agreement (the "Employment Agreement") in determining that the Northern District of Illinois was an appropriate venue. ECF No. 38 at 7-10. For the reasons below, the Court finds no clear error.

As relevant here, the Employment Agreement provides that signing employees must "irrevocably consent to the exclusive jurisdiction of the state and federal courts located in Cook County, Illinois, for the purposes of any action or proceeding relating to or arising out of . . . your employment with [Defendant]." ECF No. 21-2 at 7-8 (pdf pagination). The Employment Agreement also incorporates by reference an arbitration agreement that states any arbitration hearing "shall be held in the federal judicial district where [the employee] applied for employment or work or worked for [Defendant]." *Id*. at 13 (pdf pagination). To be clear, this was not Plaintiff's Employment Agreement—the Employment Agreement was a new one, allegedly promulgated by Defendant after Plaintiff began this action.[4] ECF No. 20 at 1; ECF No. 21 ¶ 2; ECF No. 21-1 at 1. Rather, the Employment Agreement is signed by Robert L. Stevens, Jr., an employee of Defendant who worked in Colorado. *Id*. at 9 (pdf pagination). Stevens filed a consent form and declaration with the Court, seeking to opt in to Plaintiff's FLSA collective action. ECF No. 15.

In January 2024, Judge Pedersen issued a decision in which he concluded that, per the Supreme Court's decision in *Bristol-Myers Squibb Co. v. Superior Court of California*, 582 U.S. 255 (2017), the court lacked personal jurisdiction over out-of-state plaintiffs who did not work for Defendant in New York during the relevant time because they did not have sufficient connection

---

[4] It was because of Defendant's issuance of the Employment Agreement—and its restrictive clauses concerning venue—that Plaintiff sought corrective relief, arguing that the Employment Agreement would chill participation in his FLSA collective action. ECF No. 20. In his January 2024 decision, Judge Pedersen denied the motion for corrective relief as to non-resident opt-in plaintiffs on jurisdictional grounds and reserved on the motion as to Plaintiff or opt-in plaintiffs over which the court had jurisdiction. *See Kimble v. Opteon Appraisal, Inc.*, 712 F. Supp. 3d 379, 382-83 (W.D.N.Y. 2024).

to the Western District of New York as a forum. *See Kimble v. Opteon Appraisal, Inc.*, 712 F. Supp. 3d 379, 382-83 (W.D.N.Y. 2024). Accordingly, Judge Pedersen directed that the parties meet and confer as to whether the claims of Plaintiff and out-of-state opt-in plaintiffs like Stevens should be dismissed or transferred to a more appropriate venue. *Id*. at 383. Plaintiff subsequently filed his motion to transfer all claims, whereas Defendant opposed a transfer and cross-motioned to strike Stevens's consent form. ECF Nos. 31, 32.

In deciding upon the transfer motion, Judge Pedersen relied in part on Stevens's Employment Agreement. ECF No. 37 at 17-20. Judge Pedersen acknowledged that the Employment Agreement, having not been signed by Plaintiff, was not a controlling forum-selection clause in the usual sense. *Id*. at 17-18. However, the inclusion of an Illinois venue in the Employment Agreement was nevertheless a sign that the venue was convenient for Defendant. *Id*. at 18-19. After all, Defendant "would not put a forum-selection provision in *every* employment agreement . . . unless Illinois was the best of all available forums." *Id*. 17-18 (emphasis in original). In consideration of this, as well as Defendant's principal place of business being in Illinois and Plaintiff's willingness to travel to the Illinois forum to pursue his action, Judge Pedersen concluded that the convenience of the parties favored a transfer. *Id*. at 18-20.

Defendant argues that, in relying on the Employment Agreement, Judge Pedersen acted in error, for the following reasons: 1) the court had no jurisdiction over Stevens; 2) the terms of Stevens's employment were substantially different from Plaintiff's; 3) Judge Pedersen failed to consider the arbitration agreement; and 4) Judge Pedersen's reliance on the Employment Agreement improperly shifted the burden to Defendant.

The Court is not convinced by these objections. First, Defendant argues that Judge Pedersen had previously ruled that the court lacked personal jurisdiction over Stevens but, in spite

5

of this, found that Stevens' Employment Agreement "was the most important factor favoring transfer of this action to Illinois" and "relied exclusively on his Agreement in finding the forum selection clause doomed [Defendant]." ECF No. 38 at 9. To begin, Judge Pedersen's decision in no way relies solely on the Employment Agreement—his conclusion that the convenience of the parties explicitly relies on Defendant's principal place of business being within the Illinois forum and Plaintiff's willingness to travel as well. ECF No. 37 at 18-20; *Bausch & Lomb Inc. v. ZeaVision LLC*, No. 20-CV-06452, 2022 WL 3927883, at *5 (W.D.N.Y. Aug. 31, 2022) ("When analyzing the convenience to the parties, courts often look to the parties' principal places of business and the location of their offices."). But if Defendant argues that because the Court lacks jurisdiction over Stevens it is not permitted to consider his Employment Agreement, it is not clear why. In weighing a motion to transfer venue, courts are permitted to rely on material outside the pleadings—in fact, parties seeking transfer are *required* to provide that material. *See Zohar CDO 2003-1, Ltd. v. Patriarch Partners, LLC*, 620 B.R. 456, 467 (S.D.N.Y. 2020) (when considering factors for transfer of venue, "the court may consider factual material outside the pleadings"); *Citibank, N.A. v. Affinity Processing Corp.*, 248 F. Supp. 2d 172, 176 (E.D.N.Y. 2003) (noting that the movant requesting a transfer of venue "must support the motion with affidavits and other materials outside the pleadings").

Notably, Defendant cites to no case law suggesting that the Court may consider only factual materials relating to parties over which the Court has jurisdiction or even to parties at all. *See, c.f., ZPC 2000, Inc. v. SCA Grp., Inc.*, 86 F. Supp. 2d 274, 276 (S.D.N.Y. 2000) ("[E]ven assuming arguendo that we were to find that this [c]ourt has no personal jurisdiction over the defendants, we could still order the case to be transferred to a more convenient forum in the interests of justice under either § 1404 or § 1406."). Plaintiff is pursuing an FLSA collective action claim which—

6

should it proceed—will necessarily involve non-party employees of Defendant. *Gomez v. Tri Boro Waterproofing Inc.*, No. 16-CV-2953, 2017 WL 11508011, at *1 (E.D.N.Y. Jan. 11, 2017) ("The FLSA authorizes the certification of a collective action if there are non-parties who are similarly situated to the named plaintiffs with respect to alleged violations of the FLSA." (quoting 29 U.S.C. § 216(b)). Plaintiffs pursuing such claims are permitted to rely upon affidavits or factual materials of non-party employees. *See Rudd v. T.L. Cannon Corp.*, No. 10-CV-0591, 2011 WL 831446, at *11 (N.D.N.Y. Jan. 4, 2011), *report and recommendation adopted*, 2011 WL 830636 (N.D.N.Y. Mar. 3, 2011). The legal basis for Defendant's objection is therefore not clear to the Court.

Regardless, Defendant's argument ignores how and why Judge Pedersen relied on the Employment Agreement. Judge Pedersen did not assert that the Employment Agreement was binding on Plaintiff or even enforceable. Rather, he cited to the Employment Agreement for only one purpose: to demonstrate that Defendant considered Illinois to be a convenient forum. The Court agrees with this point. There is no obvious reason for Defendant to have specified the North District of Illinois as its choice of venue in this new Employment Agreement if that location were not convenient. Judge Pedersen's interpretation of the Employment Agreement was a reasonable one, and—as noted above—Defendant provides nothing to suggest that relying on the Agreement was intrinsically improper. Reversal of Judge Pedersen's decision requires more than Defendant merely stating their disagreement with it—Defendant must point to what law Judge Pedersen erroneously applied. *See Garcia*, 800 F. Supp. 2d at 403. Defendant has not done so here.

Defendant further argues that Judge Pedersen erred in relying on the Employment Agreement because Stevens's terms of employment differed from Plaintiff's. Namely, Stevens contracted to receive overtime pay, whereas Plaintiff did not. ECF No. 21-2 at 2 (pdf pagination). But the exact nature of Stevens's employment is not the issue. Perhaps Stevens's employment

7

was also subject to violations of the FLSA, or perhaps not. Judge Pedersen was not evaluating the merits of Stevens's or Plaintiff's claims—he was trying to determine whether the Northern District of Illinois was a convenient venue. And again, Defendant has not provided caselaw suggesting that Judge Pedersen's reliance on the Employment Agreement—even if it did not precisely mirror Plaintiff's—was in error.

As to the arbitration agreement, it is true that it provides that arbitration hearings between Defendant and its employees "shall be held in the federal judicial district where [the employee] applied for employment or work or worked for [Defendant]." ECF No. 21-2 at 13 (pdf pagination). It is also true that Judge Pedersen did not cite to the terms of the arbitration agreement in coming to his decision. But it is not clear what difference the arbitration agreement makes here. That the arbitration agreement states that arbitration *could* occur in any district does not detract from the employment agreement having specified the Northern District of Illinois in particular. Judge Pedersen's point in relying upon the employment agreement was not that Illinois was the only option, but rather that the specific mention strongly suggested that it was a convenient venue for Defendant—why else would Defendant have chosen it? Given that it is unclear how the arbitration agreement would in any way alter Judge Pedersen's conclusion, the Court is not "left with the definite and firm conviction" that not having relied on the arbitration agreement constituted clear error. *Parker*, 2022 WL 4181571, *2.

Finally, Defendant argues that in, in making his analysis, Judge Pedersen improperly shifted the burden of showing the convenience or inconvenience of the venue to Defendant. ECF No. 42 at 4-5. It is not clear how Defendant came to this conclusion. Judge Pedersen stated in his decision that the burden would indeed shift to Defendant "in the face of 'a valid forum-selection clause'" that applied to Plaintiff. ECF No. 37 at 17. But Judge Pedersen goes on to say that the

8

Employment Agreement's forum-selection clause was *not* applicable to Plaintiff, and in fact that the court "cannot apply this Circuit's law about forum-selection clauses as it normally would." *Id.* at 17-18. At no point did Judge Pedersen state that the burden had shifted to Defendant.

Defendant acknowledges this but nevertheless insists that Judge Pedersen "shifted the burden on Defendant anyways" when he concluded that Defendant had put the forum-selection clause in "every employment agreement." ECF No. 42 at 9. This, Defendant claims, was a mistake—"the only agreement before the Court was the Stevens agreement," and so Judge Pedersen could not have concluded that *all* employment agreements included the clause. *Id.*

It is not clear how this conclusion—even assuming it was inaccurate—constitutes burden-shifting. But regardless, Plaintiff has alleged in his filed declarations that all of the employment agreements issued to Defendant's employees after Plaintiff began this action—including Stevens's—included the forum-selection clause, and the other factual materials he submitted reflect this as well. ECF No. 20 at 1; ECF No. 21 ¶ 2; ECF No. 21-1 at 1. Defendant may dispute this, but Judge Pedersen's choice to credit Plaintiff was based on the evidence on the record, and the Court can find no clear error in that conclusion.

## II. Jurisdictional Bar

Courts in this Circuit are clear that when a plaintiff violates "a clear jurisdictional bar in filing suit in a particular forum, dismissal rather than transfer is often warranted." *Posven, C.A. v. Liberty Mut. Ins. Co.*, 303 F. Supp. 2d 391, 407-08 (S.D.N.Y. 2004) (citing *Spar, Inc. v. Info. Res., Inc.*, 956 F.2d 392 (2d Cir. 1992)). This is especially true where the plaintiff knowingly chose an incorrect venue for the purposes of forum shopping or failed to exercise diligence in finding the proper forum. *See Spar,* 956 F.2d at 394-95 (affirming dismissal of an action where "allowing a transfer would reward plaintiffs for their lack of diligence in choosing a proper forum and thus

would not be in the interest of justice"); *Feldman v. L & M Mowing, Inc.,* 1999 WL 284983 at *3 (E.D.N.Y. 1999) ("[D]ismissal may be warranted where the plaintiff knowingly chooses the wrong forum or otherwise exhibits a lack of diligence.").

Here, Plaintiff's action faces a jurisdictional bar, in that he attempted to bring his collective FLSA action in the Western District of New York, despite Defendant being headquartered in Arizona and incorporated in Delaware. Although Plaintiff's claim is connected to New York from having arisen there, Judge Pedersen concluded in his January 2024 order that the court lacked personal jurisdiction over the FLSA claims of any out-of-state opt-in plaintiffs who did not work for Defendant in New York nor reside in New York during the relevant time period. *See Kimble*, 712 F. Supp. 3d at 382-83. Judge Pedersen, however, concluded in his present Decision and Order this did not constitute a *clear* jurisdictional bar warranting dismissal rather than transfer. ECF No. 37 at 10-14. Defendant objects, arguing that Plaintiff ignored a jurisdictional bar and thus the Court should dismiss. ECF No. 38 at 10-12.

The Court concurs with Judge Pedersen's analysis regarding jurisdictional bar. As Judge Pedersen pointed out, the presence of a jurisdictional bar does not always warrant dismissal. Rather, a jurisdictional bar counsels against transfer only when that bar is so clear as to show a plaintiff's lack of diligence in choosing a venue or desire to forum-shop. *See Pares v. Gordon*, No. 91-CV-1344, 1992 WL 296437, at *2 (S.D.N.Y. Oct. 8, 1992) (denying transfer where the chosen forum posed a jurisdictional problem that was "easy to detect and just as easy to rectify"). Here, Plaintiff's mistake is not nearly so obvious. Prior to Judge Pedersen's ruling on the subject, it was not clear that the court lacked personal jurisdiction over the FLSA claims of out-of-state plaintiffs in a collective action—both parties conceded that the Second Circuit had not (and still has not) issued a decision on that question. ECF No. 37 at 11. Judge Pedersen's decision on

personal jurisdiction acknowledged a circuit split concerning jurisdiction over out-of-state FLSA opt-in plaintiffs. *See Kimble*, 712 F. Supp. 3d at 387-88 (collecting cases).

Defendant here argues that because Plaintiff was "well aware of an obvious circuit split," the jurisdictional bar was clear and dismissal is justified.[5] ECF No. 38 at 11. But this argument has things backwards. Plaintiff might have been aware of the circuit split, but the lack of consensus among courts meant that any answer to the question of personal jurisdiction was *less* clear, not more. Indeed, other courts in this Circuit had, prior to Plaintiff filing this action, found that they had personal jurisdiction over out-of-state members of a FLSA collection action. *See, e.g., Meo v. Lane Bryant, Inc.*, No. CV 18-6360, 2019 WL 5157024, at *12 (E.D.N.Y. Sept. 30, 2019) (declining deny certification to non-resident opt-in FLSA plaintiffs because "Congress intended for nationwide FLSA collective actions" and demanding that opt-in residents demonstrate sufficient connections between their claims and the forum would "countermand that purpose"). Given the absence of clarity from the courts, Plaintiff's decision to file in New York seem more like a risky but understandable gamble than an unreasonable attempt at forum shopping. Accordingly, and in light of the broad deference the Court owes to Judge Pedersen's assessment, the Court finds there was no clear error in his conclusion that the jurisdictional bar was not clear.

### III. Factors Favoring Transfer

Defendant argues that Judge Pedersen erred in concluding that the relevant Section 1404(a) factors favored transfer. The Court will address each factor to which Defendant objects and Judge Pedersen's analysis below.

---

[5] Defendant also argues that Plaintiff ignored a clear jurisdictional bar by asserting claims under the New York Labor Law ("NYLL") for Defendant's non-resident employees. ECF No. 38 at 10-11. However, as Plaintiff points out, the complaint specifies that the NYLL claims are brought for "all other New York employees who opt into this action," without mention of nationwide, non-resident employees. ECF No. 1 ¶ 1. The Court is therefore unpersuaded that Plaintiff's complaint faces a jurisdictional bar to the NYLL claims, let alone a clear one.

### a. Plaintiff's Choice of Venue

A plaintiff's choice of forum ordinarily should not be disturbed unless the balance of convenience and justice "tips heavily in favor of transfer." *Izkhakov v. Educ. Comm'n for Foreign Med. Graduates*, No. 12-CV-348, 2012 WL 2861338, at *3 (S.D.N.Y. July 10, 2012). But while great deference is due to a plaintiff's first choice of forum, this is not the case for a second choice of forum. *See Bausch & Lomb Inc. v. ZeaVision LLC*, No. 20-CV-6452, 2022 WL 3927883, at *4 (W.D.N.Y. Aug. 31, 2022) ("[W]here a plaintiff's first choice of venue is found to be indisputably improper, a plaintiff's second choice of venue should not be accorded much weight."). "When a plaintiff chooses a forum other than her home forum . . . the court must consider the reasons for the plaintiff's decision." *Flood v. Carlson Restaurants Inc.*, 94 F. Supp. 3d 572, 576 (S.D.N.Y. 2015). "[T]he more such a decision is dictated by reasons that the law recognizes as valid, the greater the deference that will be given to it; the more it appears the decision is motivated by forum shopping reasons, the less deference will be accorded to it." *Hershman v. UnumProvident Corp.*, 658 F. Supp. 2d 598, 601 (S.D.N.Y. 2009) (internal quotation marks omitted).

Judge Pedersen concluded that, given that Plaintiff requested the transfer, the usual deference given to Plaintiff's choice of forum was not warranted and Plaintiff's choice of forum favored neither party. ECF No. 37 at 25. The Court agrees. Defendant argues briefly that Plaintiff's original choice of forum should control and that Plaintiff failed to demonstrate why that choice should be disturbed. ECF No. 38 at 13-14. Things are not so clear-cut from the Court's perspective. While it is true that typically the Court would defer to Plaintiff's first choice, "[t]he usual presumptions as to a plaintiff[']s choice of forum are not appropriate" when a plaintiff himself moves to transfer. *United States ex rel. Fisher v. Bank of Am., N.A.*, 204 F. Supp. 3d 618, 623 (S.D.N.Y. 2016) (internal quotation marks omitted). Plaintiff is seeking to transfer away from

12

his home forum, but there is no indication in the record that Plaintiff's wish to do so stems from forum-shopping motives. Moreover, as Judge Pedersen correctly stated, a "plaintiff's choice of forum in a FLSA collective action . . . is entitled to deference." *Flood*, 94 F. Supp. 3d at 577; *see also Koslofsky v. Santaturs, Inc.*, 10-CV-9160, 2011 WL 10894856, at *2 (S.D.N.Y. Aug. 18, 2011) ("[T]he 'opt-in' structure of [FLSA] collective actions . . . strongly suggests that Congress intended to give plaintiffs considerable control over the bringing of a FLSA action."). Given that the degree of deference given to Plaintiff's first and second choice of venue was not clear, it was reasonable for Judge Pedersen to find that the choice of forum factor favored neither party.

    b. **Convenience of Witnesses**

Convenience of the witnesses is generally considered the most important factor in a Court's determination of the appropriateness of a venue transfer. *Hart v. Crab Addison, Inc.*, No. 13-CV-6458, 2014 WL 2865899, at *3 (W.D.N.Y. June 24, 2014); *Viacom Int'l, Inc. v. Melvin Simon Prods., Inc.*, 774 F. Supp. 858, 868 (S.D.N.Y. 1991) ("Courts routinely transfer cases when the principal events occurred, and the principal witnesses are located, in another district."). Where parties each contend that convenience favors one side over the other, "[a] [c]ourt 'does not merely tally the number of witnesses who reside in the [proposed] forum in comparison to the number located in [an alternative] forum'; but rather 'must qualitatively evaluate [] the testimony that the witnesses may provide.'" *Dickerson v. Novartis Corp. & Alcon Labs., Inc.*, 315 F.R.D. 18, 27 (S.D.N.Y. 2016) (quoting *Herbert v. Elec. Arts, Inc.*, 325 F. Supp. 2d 282, 286 (S.D.N.Y. 2004)).

Judge Pedersen concluded that this factor favored transfer, to which Defendant objects. ECF No. 37 at 20-22. Defendant's argument largely concerns Judge Pedersen's previously-mentioned reliance on the Employment Agreement's forum-selection clause, asserting that "but for the forum selection clause the [c]ourt would have not held in [Plaintiff's] favor on this factor."

13

ECF No. 38 at 15. An examination of Judge Pedersen's decision reveals otherwise. Although Judge Pedersen did cite to the forum-selection clause as one fact supporting the convenience of the Illinois forum for witness-employees of Defendant, he also relied on Defendant's principal place of business being in the forum, Defendant's corporate officers having signed declarations in the forum, that Plaintiff had attended virtual meetings hosted at Defendant's office in the forum, and that Defendant's witness-employees either resided in Illinois or could appear via videoconferencing. ECF No. 37 at 21-22. It is clear that the forum-selection clause was but one of several facts informing Judge Pedersen's decision here, not the single decisive one. In any case, the Court has already stated that it finds no clear error in Judge Pedersen's reliance on the forum-selection clause in his analysis. Defendant's objections concerning the convenience of witnesses factor therefore fail to persuade the Court.

      **c. Availability of Compulsory Process**

"The availability of process to compel the testimony of important witnesses is an important consideration in transfer motions." *Billing v. Commerce One, Inc.*, 186 F. Supp. 2d 375, 378 (S.D.N.Y. 2002) (internal quotation marks omitted). Per Federal Rule of Civil Procedure 45, courts can typically enforce trial subpoenas on witnesses within the state or within 100 miles of the court. "However, even if a party's witnesses do refuse to testify, deposition testimony is an acceptable alternative." *Martignago v. Merrill Lynch & Co.*, No. 11-CV-3923, 2012 WL 112246, at *8 (S.D.N.Y. Jan. 12, 2012) (internal quotation marks and alterations omitted).

Judge Pedersen concluded that this factor favored transfer, owing to the fact that the potential witnesses were Defendant's employees and could thus be compelled by Defendant to testify in the North District of Illinois if needed. ECF No. 37 at 28. Defendant briefly objects that this analysis erred by focusing solely on Defendant's ability to compel process on Defendant's

employees: Plaintiff, Defendant argues, "seeks to bring in appraisers from around the country," and yet Judge Pedersen "did not account for [Defendant's] ability to compel out of state plaintiffs to appear in Illinois for depositions or trial." ECF No. 38 at 15-16. It is not clear what Defendant means by this. First, Judge Pedersen was correct in holding that courts typically presume parties "can compel the testimony of their employees without requiring a subpoena." *Martignago*, 2012 WL 112246, at *8 (collecting cases). So, to the extent that Defendant objects to this conclusion, the Court finds no clear error.

As to Defendant's argument about Judge Pedersen's failure to account for the difficulty of compelling out-of-state plaintiffs, the compulsory process factor is "generally relevant only with respect to third party witnesses," given that parties have a presumed interest in the proceedings of a case. *Race Safe Sys., Inc. v. Indy Racing League*, 251 F. Supp. 2d 1106, 1111 (N.D.N.Y. 2003). Defendant offers no caselaw to suggest that it was an error for Judge Pedersen to not address the ability to compel out-of-state plaintiffs. At any rate, neither party here suggests that their witnesses would be unwilling to testify, and so this factor is of limited importance to the overall transfer analysis. *See Flood*, 94 F. Supp. 3d at 580 (where there is no indication that witnesses would be unwilling to testify, "the availability of process factor is of reduced value in the transfer analysis"). At worst, this factor might be neutral, given that witnesses are likely to be spread across multiple states. *See irth Sols.*, 2019 WL 283831, at *5 ("[S]ince witnesses are located across several states, the ability to compel their attendance is neutral."); *Martignago*, 2012 WL 112246, at *8 (holding that in a collective action case where "there are likely to be witnesses from all over the United States . . . the availability of process is a neutral factor"). But because Defendant has provided nothing that clearly demonstrates error in Judge Pedersen's conclusion, or that this factor would

15

have materially changed the overall transfer analysis if he had erred in finding it favored Plaintiff, Defendant's objections fail to persuade.

### d. Interest of Justice

With respect to the interests of justice factor, Judge Pedersen found it favored Plaintiff because litigation was still in its early stages, the case had minimal connections to New York, and preventing Plaintiff from pursuing his action would contravene the purpose of FLSA collective actions and potentially lead to duplicative litigation. ECF No. 27 at 29-31. The Court finds no clear error in this analysis.

As Judge Pedersen notes, whether a transfer is in the interest of justice is "based on the totality of the circumstances" and "relates primarily to issues of judicial economy." *Travelers Prop. Cas. Co. of Am. v. Ocean Reef Charters LLC*, 324 F. Supp. 3d 366, 385 (W.D.N.Y. 2018) (internal quotation marks omitted). Judicial economy typically favors transfer when litigation "remains in its early stages . . . and discovery has not begun." *Nova Nordeplast Industria E Comercio De Plasticos LTDA. v. JP Morgan Chase & Co.*, No. 23-CV-3429, 2024 WL 1346535, at *8 (E.D.N.Y. Mar. 29, 2024); *see also Starr Indem. & Liab. Co. v. Brightstar Corp.*, 324 F. Supp. 3d 421, 441 (S.D.N.Y. 2018) ("When a case is in its earliest stages, it is generally not inefficient to transfer the case."). Here, the parties are indeed in that early stage, without any significant discovery having taken place. *See* ECF No. 18 (Case Management Order). Defendant furthermore does not dispute that the case's connections to New York are minimal and that adjudication here could delay the cases brought by other parties. *See Travelers*, 324 F. Supp. 3d at 385 (finding that retaining a case "with only minimal contacts to New York" would "not serve the interest of justice").[6]

---

[6] The Court further notes that questions of docket conditions—a factor to consider when weighing judicial economy—may also favor transfer to the Northern District of Illinois. "Although certainly not decisive, docket conditions or

Defendant's objections are primarily concerned with Plaintiff's conduct in bringing the case in New York despite "being on notice of the jurisdictional issue," which forced Defendant to "litigate needlessly, engage in discovery, and respond to motions" in this Court. ECF No. 38 at 16-17. This inconvenience to Defendant, it argues, weighs heavily against transfer given that Plaintiff could have simply filed in Illinois in the first place. *Id*. However, as noted above, the Court does not agree that the jurisdictional issue posed by *Bristol-Myers* was as clear as Defendant suggests. A genuine circuit split exists on the subject, *see Kimble*, 712 F. Supp. 3d at 387-88, and the Court does not agree that Plaintiff attempting to pursue litigation here on the basis of that unclear caselaw is a serious mark against him for this analysis. At the very least, Defendant offers no authority to suggest that litigation and motion practice, when concerning a point of law where there exists serious disagreement, constitutes a breach of judicial efficiency. Defendant may be annoyed at having had to brief the question of jurisdiction in this case, but that annoyance is not sufficient grounds to find the interest of justice weighed against transfer. The Court finds no clear error as to Judge Pedersen conclusion as to the interest of justice. [7]

---

calendar congestion of both the transferee and transferor districts is a proper factor for the Court to consider and is accorded some weight." *Hernandez v. Graebel Van Lines*, 761 F.Supp. 983, 991 (E.D.N.Y. 1991) (internal quotation marks and citations omitted). This District's civil docket "is considered to be one of the busiest in the nation." *Travelers*, 324 F. Supp. 3d at 385; *see also Vorobey v. Cleveland Bros. Equip. Co.*, No. 17-CV-1115V, 2018 WL 1640571, at *2 (W.D.N.Y. Apr. 5, 2018) (finding that judicial economy favored transfer because "the Western District of New York has one of the most congested civil dockets in the nation," and a less busy district was "in a superior position to provide the parties with a swift resolution"). By way of comparison, the median filing to disposition time in the Western District of New York is 15.5 months, compared to 6.0 months in the Northern District of Illinois. *See* United States District Courts — National Judicial Caseload Profile, September 2023, *available at* https://www.uscourts.gov/sites/default/files/fcms_na_distprofile0930.2023.pdf; *Dewsbury v. Bimeda Inc.*, No. 23-C-5273, 2024 WL 1254222, at *7 (N.D. Ill. Mar. 25, 2024) (using median filing to disposition time as a metric for relative judicial efficiency); *Jones v. Walgreen Co.*, 463 F. Supp. 2d 267 (D. Conn. 2006) (same).

[7] In addition, Judge Pedersen concluded that several factors, namely the locus of operative fact, relative means of the party, and familiarity with the governing law, were neutral. ECF No. 37 at 23-24, 27-28, 32. Defendant acknowledges but does not dispute Judge Pedersen's conclusions as to these factors, and so the Court declines to address them. ECF No. 38 at 15, 17.

**CONCLUSION**

For the foregoing reasons, the Court OVERRULES Defendant's objections and AFFIRMS Magistrate Judge Pedersen's Decision and Order, ECF No. 37. The Clerk of Court is directed to TRANSFER this matter to the Northern District of Illinois and close the case.

IT IS SO ORDERED.

Dated: May 28, 2025
       Rochester, New York

                                                                     _____
                                                          HON. FRANK P. GERACI, JR.
                                                          United States District Judge
                                                          Western District of New York